UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ROBERT L. CHISHOLM, : CASE NO. 1:15-CV-00174
:
   Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 10]
CUYAHOGA COUNTY, :
:
   Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

  Plaintiff Robert Chisholm sues Defendant Cuyahoga County for interfering with Plaintiff Chisholm's Family and Medical Leave Act ("FMLA") rights and for retaliating against Chisholm for exercising his FMLA rights.[1/] Defendant Cuyahoga County seeks judgment on the pleadings, saying that Plaintiff Chisholm's claims have already been decided against him in state administrative proceedings.[2/] Plaintiff Chisholm responds that the County's motion references material outside the pleadings and should be converted into a motion for summary judgment.[3/] On the merits, Plaintiff Chisholm says that preclusion is inappropriate because the state administrative proceedings did not resolve his FMLA claim.[4/]

  For the reasons below, the Court **GRANTS** Plaintiff Chisholm's motion to convert Defendant Cuyahoga County's motion for judgment on the pleadings into a summary judgment motion. The Court also gives the parties an opportunity to submit additional material to support or

---

[1/] Doc. 1.
[2/] Doc. 8.
[3/] Doc. 10.
[4/] *Id.*

Case No. 1:15-CV-00174
Gwin, J.

oppose the motion for summary judgment as set out below.

## I. Factual Background

From May 1988 until March 2013, Plaintiff Robert Chisholm worked for Defendant Cuyahoga County as a Weights and Measures Department inspector.[5] In November 2012, Defendant Cuyahoga County informed Plaintiff Chisholm that to retain his position as an inspector, Chisholm would have to complete 18 hours of continuing education by February 7, 2013.[6] State law required Chisholm to complete the education.[7] Chisholm, however, was on continuous FMLA leave from January 14, 2013, to February 4, 2013, and on intermittent FMLA leave from February 5, 2013, until his termination.[8]

Plaintiff Chisholm did not fulfill the state-required continuing education requirement, and Defendant Cuyahoga County fired him on March 6, 2013.[9] Although Chisholm had been a good employee, Cuyahoga County says Ohio law did not allow it to employ inspectors who had failed to complete continuing education requirements. Plaintiff Chisholm says that no continuing education opportunities were available to him either before his FMLA leave started or on days when he was at work during his intermittent FMLA leave period.[10]

Plaintiff Chisholm administratively challenged his termination. After a hearing at which both Chisholm and the County had attorneys present and called witnesses, the hearing officer found that Chisholm's firing was an unduly harsh punishment for Chisholm's failure to complete state

---

[5] Doc. 1 at 2.
[6] *Id.*
[7] Ohio Admin. Code 901:6-9-01(e).
[8] Doc. 1 at 2.
[9] *Id.* at 2-3.
[10] *Id.*

Case No. 1:15-CV-00174
Gwin, J.

mandated continuing education. The hearing officer ruled that Chisholm's termination be converted to a suspension without pay until Chisholm completed the required continuing education.[11] The hearing officer also recommended that Cuyahoga County be allowed to set a reasonable deadline for Chisholm to complete the required training.[12]

The County objected to the report and recommendation,[13] but its objections were overruled by the Personnel Review Commission, which fully adopted the report and recommendation.[14]

## II. Law and Analysis

The Court first considers whether the Court should convert Defendant Cuyahoga County's motion for judgment on the pleadings into a motion for summary judgment. The Federal Rules generally require a Court to carry out such a conversion where "matters outside the pleadings are presented and not excluded by the court."[15] There are, however, several categories of materials that a court may consider without converting a motion for judgment on the pleadings into a motion for summary judgment. Among these are documents referred to in and integral to the complaint, materials the Court could take judicial notice of, and matters of public record.[16]

In this case, Defendant Cuyahoga County attached six documents to its motion, Two, excerpts from the County's charter and the Administrative Rules of the Personnel Review

---

[11] Doc. 8-1 at 4.
[12] *Id.* at 5.
[13] Doc. 10-1.
[14] Doc. 8-6.
[15] Fed. R. Civ. P. 12(d).
[16] *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). Defendant Cuyahoga County also suggests that the Court can consider additional materials because they are relevant to determining the Court's jurisdiction. Doc. 8 at 4. But Defendant Cuyahoga County has not explained how the Court could lack jurisdiction over the solely federal claims brought in Plaintiff Chisholm's lawsuit.

Case No. 1:15-CV-00174
Gwin, J.

Commission,[17] are matters of public record. The other four documents relate in various ways to Plaintiff Chisholm's administrative challenge to his termination.[18] Plaintiff Chisholm appears to argue that no exception to the general rule applies to these documents, and that their inclusion therefore requires converting Defendant Cuyahoga County's motion into one for summary judgment. In turn, Plaintiff Chisholm attached to his response to Defendant Cuyahoga County's motion a copy of Defendant Cuyahoga County's objections to the hearing officer's report and recommendation.[19]

Although it is somewhat unclear whether the administrative proceedings are properly deemed "public records" that the Court could consider without converting Defendant Cuyahoga County's motion into a summary judgment motion, the Court is unable to conclude that all materials submitted by Defendant Cuyahoga County are properly considered on a motion for judgment on the pleadings. The Court therefore **GRANTS** Plaintiff Chisholm's motion to convert the County's motion into one for summary judgment.

Under Rule 12(d), when converting a motion for judgment on the pleadings to a motion for summary judgment, the Court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion."[20] Accordingly, the Court will consider this converted motion together with any other dispositive motions filed according to the schedule set out in the Court's case management order.[21] If the parties wish to submit addition material to support or oppose this converted motion, they may do so by the deadlines set out in that order: August 24, 2015,

---

[17] Doc. 8-3; Doc. 8-4.

[18] Specifically, these documents are the hearing officer's report and recommendation, Doc. 8-1, Plaintiff Chisholm's initial appeal, Doc. 8-2, a letter to Plaintiff Chisholm setting a deadline for completing his continuing education after the hearing officer's report and recommendation, Doc. 8-5, and the Personnel Review Commission's final order, Doc. 8-6.

[19] Doc. 10-1.

[20] Fed. R. Civ. P. 12(d).

[21] *See* Doc. 14 at 1.

-4-

Case No. 1:15-CV-00174
Gwin, J.

for Defendant Cuyahoga County, and September 7, 2015, for Plaintiff Chisholm.[22]

### III. Conclusion

For the above reasons, the Court **GRANTS** Plaintiff Chisholm's motion to convert Defendant Cuyahoga County's Rule 12(c) motion for judgment on the pleadings into a Rule 56 summary judgment motion.

IT IS SO ORDERED

Dated: July 8, 2015
                                              s/ *James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[22] *See id.*